FILED

2016 Mar-02  AM 08:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHESTER LEE BLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action Number: |
| | ) | 2:15-cv-0029-MHH-JEO |
| THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Chester Lee Bland, an Alabama state prisoner acting *pro se*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   (Doc. 1). On August 5, 2015, the magistrate judge entered a report in which he concluded that the applicable statute of limitations, 28 U.S.C. § 2244(d)(1), bars Mr. Bland's habeas petition.   (Doc. 8).   Mr. Bland filed objections to the report and recommendation.   (Doc. 9).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   *Id.*   The Court reviews for plain error the portions of the report or proposed findings of fact to which no

objection is made.   *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Mr. Bland objects to the magistrate judge's conclusion that he is not entitled to equitable tolling and that he is not entitled to have otherwise untimely claims heard on the merits based upon his claim of actual innocence.   (Doc. 9).

The Court overrules Mr. Bland's objections regarding equitable tolling.   The Court understands that Mr. Bland lacks legal training and has depended on other prisoners with access to less than ideal legal resources.   The Court also acknowledges Mr. Bland's argument that he did not fully understand his right to file a post-conviction federal habeas action pursuant to 28 U.S.C. § 2254 until he received assistance from a paralegal who has helped him navigate this federal proceeding.   Nevertheless, when the magistrate judge concluded that Mr. Bland was not entitled to equitable tolling under these circumstances, the magistrate judge properly applied case law that is binding upon this Court.   (*See* Doc. 8, pp. 10-11). That law states that prisoners who face the hurdles that Mr. Bland has described are

not excused from the deadline that the statute of limitations establishes for filing a federal habeas petition. *See e.g., Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) ("[W]hile Rivers' lack of education may have delayed his efforts to vacate his state court conviction, the *Johnson* court rejected similar grounds as an excuse for delay, reiterating that 'procedural ignorance [has never been accepted] as an excused for prolonged inattention when a statute's clear policy calls for promptness.'") (quoting *Johnson v. United States*, 544 U.S. 295, 311 (2005)); *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990) ("poor advice by inmate law clerks" insufficient to establish "cause" required for equitable tolling); *Perez v. Florida*, 519 Fed. Appx. 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file [a petition] in a timely fashion.").

The Court also overrules Mr. Bland's objections regarding actual innocence. Mr. Bland bases his actual innocence claim on the following allegations: "The district attorney withheld a police report in which the victim alleged that he did not know the assailant and robber. The victim knew Mr. Bland very well. Given comprehensive discovery and an evidentiary hearing, Bland can prove his actual and factual innocence." (Doc. 7, p. 3). Mr. Bland argues that this is "substantive evidence that [he] did not commit the crimes because Bland was well known to the

victim – not 'unknown.'   They had previously been in a fight over money owed to Mr. Bland.   The easy elimination of a debt and a persistent creditor was the motive for falsely accusing Mr. Bland after the victim had time to think and fabricate the identity of the assailant."   (Doc. 9, p. 5).

Mr. Bland has not made a "threshold showing of innocence" justifying a review of his otherwise time-barred claims because the police report does not raise "sufficient doubt about [Mr. Bland's] guilt to undermine confidence in the result of the trial."   *Schlup v. Delo*, 513 U.S. 298, 317 (1995)).   Mr. Bland suggests that the State "re-released [the police report] in the last round of discovery requests documents."   (Doc. 9, p. 5).   If the State released the police report in the last round of discovery, the police report is not "new reliable evidence" that Mr. Bland could not have presented at trial.   *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013). If the State did not release the police report before trial, the evidence that Mr. Bland "was well known to the victim" is not "adequate to show that, had it been presented at trial, no reasonable juror would have convicted [Mr. Bland]."   *Id.*   ("The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'") (quoting *Schlup*, 513 U.S. at 316); *see also San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th

Cir. 2011) ("[T]the actual innocence exception is "'exceedingly narrow in scope[.]'") (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001)).

Having reviewed and considered *de novo* all of the materials in the court file, including the magistrate judge's report and recommendation and Mr. Bland's objections, the Court **ADOPTS** the magistrate judge's findings and **ACCEPTS** his recommendation. Accordingly, the Court will **DISMISS WITH PREJUDICE** Mr. Bland's claims because they are barred by the statute of limitations. The Court concludes that Mr. Bland's petition does not present issues that are debatable among jurists of reason. Therefore, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS. The Court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this March 2, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE